United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-60091
Summary Calendar

LEEVAC SHIPYARDS;
LOUISIANA WORKERS' COMPENSATION CORP

                                        Petitioners,

                        versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, US DEPARTMENT
OF LABOR; GABRIEL OAKS

                                        Respondents.

Petition for Review of an Order of the
Benefits Review Board
(05-0350)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Leevac Shipyards and its insurance carrier, Louisiana Workers'

Compensation Corporation, petition this court for review of an

administrative decision by the benefits review board and the

administrative law judge granting disability benefits to the

claimant.  The claimant filed for benefits under the Longshore and

Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*seq*.  The ALJ found that claimant's back injury and headaches were causally related to an accident that he suffered at work on February 11, 2001, and awarded medical expenses and continuing temporary total disability benefits.  The benefits review board affirmed the ALJ's order.  We also affirm.

The ALJ's factual findings must be supported by substantial evidence.  *SGS Control Services v. Director, Office of Workers' Compensation Programs, U.S. Department of Labor*, 86 F.3d 438 (5th Cir. 1996).  "Substantial evidence" is evidence that a reasonable mind might accept as adequate to support a conclusion.  *Noble Drilling v. Drake,* 795 F.2d 478 (5th Cir. 1986).

The ALJ's finding of causation is supported by substantial evidence, even without reference to the Section 20(a) presumption.  Both the claimant and his wife testified that his headaches were different, and more severe, after his work accident.  Their testimony was corroborated by his treating physician, Dr. Goldware, who testified that the herniated disc at C5-6 was caused by the claimant's work accident and was not aggravated by a subsequent automobile accident.  Accordingly, the order of the ALJ is

AFFIRMED.